IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL S. GRIM,                    )<br>                        Plaintiff,    )<br>                                             )<br>vs.                                        ) Civil Action No. 12-737<br>                                             ) Magistrate Judge Maureen P. Kelly<br>HARRY GILLISPIE, Warden; S.    )<br>HAXTON, Deputy Warden; R. LANTZ, )<br>Sargeant; MR. KUMINS, Sargeant;    )<br>CALTUNA, Nurse; HARPER, Doctor, )<br>                        Defendants.    ) | |

## OPINION AND ORDER

**Kelly, Magistrate Judge**

Plaintiff, Paul S. Grim ("Plaintiff"), is an inmate in the custody of the Pennsylvania Department of Corrections and is currently incarcerated at the State Correctional Institution ("SCI") at Greene in Waynesburg, Pennsylvania. Plaintiff has presented a civil rights complaint against the Warden at the Greene County Prisons and several others employed there alleging that he was denied medical treatment while he was housed in that facility.

On November 28, 2012, this Court issued an Order advising Plaintiff that he failed to furnish the correct number of copies of the Complaint and accompanying pleadings so that the Marshal's Office could effectuate service and directing Plaintiff to submit a copy of the Complaint, a Marshal's 285 Form, and a Notice and Request for Waiver of Service of Summons for each named defendant and to do so by December 12, 2012. ECF No. 9. Plaintiff failed to provide the requisite paperwork or otherwise respond to the Court's Order by that date and on January 9, 2013, the Court issued an Order to Show Cause why this action should not be dismissed for failure to prosecute. ECF No. 10. Plaintiff was ordered to respond by January 23,

2013.  Id.  To date, Plaintiff has failed to respond to the Order to Show Cause or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court.  Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party the court must consider six factors.  These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

   (1)   The extent of the party's personal responsibility.

   (2)   The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

   (3)   A history of dilatoriness.

   (4)   Whether the conduct of the party or the attorney was willful or in bad faith.

   (5)   The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

   (6)   The meritoriousness of the claim or defense.

Consideration of these factors indicates that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders so that his case could proceed which weigh heavily against him.  Plaintiff has not only failed to respond to two separate orders, which was solely his personal responsibility, but his failure to do so even at this late date appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- there appears to be no specific prejudice to Defendants as they have not yet been served with the Complaint.  Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff as it is too early in the litigation to assess the merits of Plaintiff's claims.  Nevertheless, "[n]ot all of these

factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff sought, and was granted, *in forma pauperis* status in order to pursue this action, thereby relieving him of having to pay the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with the Court's orders, which has prevented this case from proceeding, suggests that Plaintiff has no serious interest in pursuing this case. Dismissal, therefore, is the most appropriate action for this Court to take. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

AND NOW, this 1st day of February, 2013, IT IS HEREBY ORDERED that the Complaint filed in the above-captioned case, ECF No. 3, is DISMISSED for failure to prosecute.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT,

/s/Maureen P. Kelly
MAUREEN P. KELLY
United States Magistrate Judge

cc:	Paul S. Grim
	HM-8229
	SCI Greene
	175 Progress Drive
	Waynesburg, PA 15370